UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 5:20-cr-00100-1 |
| | : | |
| ISAIAH THOMAS WALKER, | : | |
| Defendant | : | |

**O P I N I O N**
Motion to Amend Compassionate Release, ECF No. 96 – Denied
Miscellaneous Motion for Order, ECF No. 98 - Denied

**Joseph F. Leeson, Jr.**                                                                                                     **September 30, 2024**
**United States District Judge**

**I.     INTRODUCTION**

Defendant Isaiah Thomas Walker, who is serving a 120-month sentence for armed banked robbery and aiding and abetting, has filed a motion to amend compassionate relief to add an additional reason, as well as a motion for an order to amend his criminal history points based on Amendment 821. The Government opposes the motions. For the reasons set forth below, the motions are denied.

**II.    BACKGROUND**

In an Opinion and Order dated October 26, 2023, this Court denied Walker's previously filed motion for compassionate relief pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* ECF Nos. 89-90. The Opinion, which concluded that Walker failed to provide an extraordinary and compelling reason for his release and that, regardless, the factors pursuant to 18 U.S.C. § 3553 did not support relief as he presents a danger to the community, is incorporated herein. Accordingly, this Court will not repeat the background of this case, the standard of review under

18 U.S.C. § 3582(c)(1)(A), or the reasons for denying relief.

In the currently pending motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), Walker asserts as a new ground for relief that he was sexually and physically assaulted at United States Penitentiary ("USP") Lee.[1]  *See* Am. Mot., ECF No. 96.  Walker has also filed a motion asking this Court for an order advising the Bureau of Prisons ("BOP") of his lower criminal history, while recognizing that he is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821.  *See* Mot., ECF No. 98.

### III.   STANDARD OF REVIEW[2]

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision."  *Dillon v. United States*, 560 U.S. 817, 821-22 (2010).  Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a *sentencing range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements* issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).  The Policy Statement in 18 U.S.C. § 1B1.10(a)(2)(B) explains that a "reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n

---

[1]   Walker is currently incarcerated at USP Canaan.
[2]   The standard of review applicable to the amended motion for compassionate relief pursuant to 18 U.S.C. § 3582(c)(1)(A) was set forth in the Opinion dated October 26, 2023, which has been incorporated herein.  That Opinion did not, however, discuss the legal standard governing motions under 18 U.S.C. § 3582(c)(2) and Amendment 821.

amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."

Application note 7 states that subsection (d) covers Parts A and B, Subpart 1 only, of Amendment 821.  *See also United States v. Banks*, No. 19-431-3, 2024 U.S. Dist. LEXIS 36894, at *2 (E.D. Pa. Mar. 4, 2024) ("Amendment 821 applies retroactively.").  Part A to Amendment 821, which now appears in Section 4A1.1(e), altered the "status points" provision.  *See* 18 U.S.C. § 4A1.1(e).  The amended provision states: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  *Id.*

IV.   ANALYSIS

   A.   **Compassionate release is denied.**

Walker asserts that in addition to his son's medical condition and the positive changes while incarcerated, which were addressed in the Opinion dated October 26, 2023, he was sexually and physically assaulted at USP Lee.  That situation is addressed in section 1B1.13(b)(4) of the Sentencing Guidelines.  The section provides that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof: . . .

> (4) Victim of Abuse. The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
>    (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or
>    (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
> For purposes of this provision, *the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or finding in*

>*an administrative proceeding*, unless such proceedings are unduly delayed or the defendant is in imminent danger.

USSG §1B1.13(b)(4) (emphasis added). Walker contends that there is an "investigation" into staff misconduct, but there has been no "conviction in a criminal case, a finding or admission of liability in a civil case, or finding in an administrative proceeding." *See id.* As such, the alleged abuse does not provide an extraordinary and compelling reason. Moreover, as previously discussed, even if Walker had presented such a reason, he presents a danger to the community. The motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is therefore denied.

**B.    Motion for order is denied.**

Walker concedes that he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821, but nevertheless asks this Court to advise the BOP of his reduced criminal history score. In an abundance of caution, this Court will construe Walker's motion for an order as a motion for reduction pursuant to 18 U.S.C. § 3582(c)(2).

After review, this Court agrees that Walker is not eligible for a sentence reduction because application of Amendment 821 does not have the effect of lowering his sentencing guidelines range. Walker's guidelines were calculated based on a subtotal criminal history score of eleven (11). Two (2) points were added under § 4A1.1(d) because he committed the offense while under a criminal justice sentence for robbery, resulting in a criminal history score of thirteen (13). The number of points added under § 4A1.1(d) has been reduced by Amendment 821 to one (1) point. Accordingly, Walker's amended criminal history score is twelve (12), which generally would result in a criminal history category of V. *See* USSG Ch. 5, Part A. However, Walker is still subject to a criminal history category of VI based on his career offender designation. *See* USSG § 4B1.1. Amendment 821 therefore does not have the effect of lowering Walker's guidelines range and he is not eligible for a reduction pursuant to 18 U.S.C. §

3582(c)(2).³

V.     CONCLUSION

Walker has failed to provide an extraordinary and compelling reason for his release pursuant to 18 U.S.C. § 3582(c)(1)(A) as § 1B1.13(b)(4) specifically excludes his allegation of abuse at USP Lee as an extraordinary and compelling reason.  Walker is also ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because Amendment 821 does not lower his guidelines range given his career offender status.  For the reasons set forth herein, as well as those in the Opinion dated October 26, 2023, Walker's motions are denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

³     The change in criminal points does not alter this Court's decision to deny compassionate release under § 3582(c)(1)(A) as Walker's career offender status only strengthens this Court's conclusion that Walker presents a danger to the community if released and that the § 3553 factors militate against a reduction.  *See also United States v. Andrews*, 12 F.4th 255, 260-61 (3d Cir. 2021) ("The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance.").